IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL WOODS,
    Plaintiff,

    v.                              **CIVIL ACTION NO. 24-CV-6402**

CHANELLE & BRANDOS,
    Defendant.

**MEMORANDUM**

SCHMEHL, J.                                       APRIL  , 2025

Plaintiff Michael Woods appears to have abandoned this case. Accordingly, for the following reasons, the Court will dismiss the case for failure to prosecute.

## I.    PROCEDURAL HISTORY

Woods initiated this civil action on November 27, 2024 by filing a Motion to Proceed *In Forma Pauperis* and a Complaint for employment discrimination. (ECF Nos. 1-2.) In a December 4, 2024 Order, the Court denied Woods's Motion to Proceed *In Forma Pauperis* without prejudice due to incomplete and unclear financial information, and gave him thirty days to either file an updated *in forma pauperis* motion or, alternatively, pay the fees for proceeding. (ECF No. 5.) When Woods failed to respond, the Court issued an Order on January 23, 2025 giving him fourteen days to show cause as to why his case should not be dismissed and informing him that, if he still sought to proceed with his claims, he would also have to comply with the directives of the earlier Order. (ECF No. 6.)

Woods then filed an updated Motion for Leave to Proceed *In Forma Pauperis*, as well as an "exhibit," and a request to submit a USB drive. (ECF Nos. 7-9.) On February 10, 2025, the Court granted Woods leave to proceed *in forma pauperis*, denied his request to submit a USB drive without prejudice to Woods "proceeding with discovery if and when appropriate," and

directed the Clerk of Court to send a USM-285 Form to Woods for the purpose of initiating

service. (ECF No. 10.)  The Order also provided Woods with instructions for completing the

USM-285 Form, which he was given twenty-one days to do, and informed him that failure to

complete the form could "result in dismissal of this case for failure to prosecute, without further

notice from the Court." (*Id.* at 3.)

When Woods failed to return the service paperwork, the Court issued another order on

March 27, 2025,[1] directing Woods to show cause as to why his case should not be dismissed for

failure to prosecute and giving him another opportunity to provide the USM-285 Form as

previously directed. (ECF No. 11.)  Woods was given fourteen days, until April 9, 2025, to

comply. (*Id.*)  Although more than four weeks has passed, Woods has not responded to the

Order or otherwise communicated with the Court about this case.  Nothing on the docket

suggests that Woods did not receive notice of the Court's orders.

## II.    DISCUSSION

Since Woods appears to have received the Court's orders but has stopped responding to

them, the Court will consider whether it is appropriate to dismiss this case for failure to

prosecute.  Federal Rule of Civil Procedure 41(b) allows for the dismissal of an action when a

plaintiff fails to prosecute the case, fails to comply with the rules of procedure, or fails to comply

with a court order.  *See* Fed. R. Civ. P. 41(b).  "A District Court has the authority to dismiss a

suit *sua sponte* for failure to prosecute by virtue of its inherent powers and pursuant to Federal

Rule of Civil Procedure 41(b)." *See Sebrell ex rel. Sebrell v. Philadelphia Police Dep't*, 159 F.

App'x 371, 373 (3d Cir. 2005) (*per curiam*) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-

31 (1962)). Ordinarily, a court determining whether to *sua sponte* dismiss a case because of a

---

[1] The Order is dated March 26 but was docketed on March 27.

plaintiff's failure to prosecute must consider several factors in reaching its decision, as set forth in *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863 (3d Cir. 1984) (the "*Poulis* factors"). *See, e.g., Spain v. Gallegos*, 26 F.3d 439, 454-55 (3d Cir. 1994). However, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (*per curiam*) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)). Since the Court cannot direct service of the Defendant pursuant to 28 U.S.C. § 1915(d) and Federal Rule of Civil Procedure 4(c)(3) unless Woods completes and returns the service paperwork that was sent to him, there is an argument that consideration of the *Poulis* factors is unnecessary prior to dismissal. However, the Court will nevertheless consider them in an abundance of caution.

*Poulis* sets forth six factors to consider when determining whether to dismiss an action due to a plaintiff's failure to prosecute:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary . . . ; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d at 868 (emphasis omitted). Not all of the *Poulis* factors must be satisfied in order for a court to dismiss a complaint. *See Ware v. Rodale Press, Inc.*, 322 F.3d 218, 221 (3d Cir. 2003); *Shahin v. Delaware*, 345 F. App'x 815, 817 (3d Cir. 2009) (*per curiam*).

3

As to the first *Poulis* factor, the extent of the party's personal responsibility, it is Woods's sole responsibility to prosecute his case and comply with Court orders. *See Briscoe v. Klaus*, 538 F.3d 252, 258-59 (3d Cir. 2008) (explaining that "a pro se plaintiff is personally responsible for complying with the court's orders" and "it is logical to hold a pro se plaintiff personally responsible for delays in his case because a pro se plaintiff is solely responsible for the progress of his case"); *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (where litigant was proceeding pro se, any failure to comply with orders was attributable to him). That includes providing the Court with an address where the Defendant can be served. *See, e.g., Meade v. Reynolds*, 810 F. App'x 86, 88 (3d Cir. 2020) (*per curiam*) ("[T]he plaintiff must provide the district court with sufficient information to enable the Marshals Service to effectuate service of process." (citing *Lee v. Armontrout*, 991 F.2d 487, 489 (8th Cir. 1993)); *Harris v. McMullen*, 609 F. App'x 704, 707 (3d Cir. 2015) (*per curiam*) ("Harris has not pointed to any authority instructing that a District Court or the USMS must engage in extraordinary measures to assist an [*in forma pauperis*] litigant in locating a defendant's address for the purpose of service of process, and we are not aware of any."). Although the Court explained to Woods that he was required to complete the USM-285 Form and return it to the Court so that the Court could serve the Defendant, he failed to do so. This factor, therefore, weighs in favor of dismissal.

The second factor, prejudice to the defendants, weighs slightly in favor of dismissal. "Examples of prejudice include 'the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or the excessive and possibly irremediable burdens or costs imposed on the opposing party.'" *Adams v. Trs. of N.J. Brewery Employees' Pension Tr. Fund*, 29 F.3d 863, 874 (3d Cir. 1994) (quoting *Scarborough v. Eubanks*, 747 F.2d 871 (3d Cir. 1984). "[W]hile 'prejudice' for the purpose of *Poulis* analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is

4

sufficiently prejudicial." *Ware,* 322 F.3d at 222.  It is unclear how this case could proceed

without the plaintiff's active participation.  *See Stephen v. United States Att'y Gen.,* No. 18-0615,

2020 WL 832914, at *3 (M.D. Pa. Jan. 10, 2020) ("Simply put, there is no way for Defendants to

defend against Plaintiff's claims in his absence."), *report and recommendation adopted,* 2020

WL 820192 (M.D. Pa. Feb. 19, 2020).  Accordingly, requiring the Defendant to proceed in this

context (assuming it could even be served) would be prejudicial.

The third factor, a history of dilatoriness, weighs in favor of dismissal.  This factor must

be assessed over the lifetime of the case, keeping in mind that "conduct that occurs one or two

times is insufficient." *Briscoe,* 538 F.3d at 261.  However, "[e]xtensive or repeated delay or

delinquency constitutes a history of dilatoriness, such as . . . consistent tardiness in complying

with court orders." *Adams,* 29 F.3d at 874.  Woods did not respond to the Court's initial order

until the Court issued a second order directing him to show cause as to why the case should not

be dismissed.  Then, after he was granted leave to proceed *in forma pauperis,* he again failed to

respond to a Court order directing him to complete paperwork required for service, requiring the

Court to issue another show cause order, to which he still did not respond.  Accordingly, Woods

has shown a tendency to delay in the admittedly short time this case has been before the Court,

so the third factor also weighs in favor of dismissal.

The fourth factor, whether plaintiff's conduct was willful or in bad faith, is neutral

because the Court is without any information as to the causes behind Woods's failure to respond

to court orders.  *See El-Hewie v. Paterson Pub. Sch. Dist.,* Civ. A. No. 13-5820, 2015 WL

5306255, at *4 (D.N.J. Sept. 10, 2015) (where a litigant "has been silent, and that silence is

ambiguous" the court could not conclude that litigant acted willfully or in bad faith for purposes

of the fourth *Poulis* factor).  However, Woods is presumably aware of his obligation to respond

to Court orders but has failed to do so.   Nevertheless, on this record, Woods's failures are more consistent with negligence or inadvertence as opposed to bad faith.

An examination of the fifth factor, the effectiveness of sanctions other than dismissal, reveals that no other sanction would be effective because Woods is proceeding without an attorney and is likely unable to pay monetary sanctions given his *in forma pauperis* status.  *See Adonai-Adoni v. King*, 506 F. App'x 116, 119 (3d Cir. 2012) (*per curiam*) ("Because Adonai–Adoni proceeded pro se and in forma pauperis, monetary sanctions were not a viable form of alternative sanction."); *King v. Galano*, No. 14-1691, 2015 WL 6523459, at *3 (D.N.J. Oct. 28, 2015) ("Plaintiff's history of nonparticipation and noncompliance in this matter suggests that alternative sanctions would be futile.").  The fifth factor, therefore, also weighs in favor of dismissal.

Lastly, regarding the sixth factor, a claim is considered meritorious when the allegations of the complaint, if established at trial, would support recovery.  *See Poulis*, 747 F.2d at 869-70. Woods generally asserts employment discrimination claims against his former employer.  At this early stage of the litigation, based solely on the Complaint, it is possible that at least some of Woods's claims have merit.  However, a plaintiff must pursue his claims, rather than abandon them, if he is to recover.  Woods's non-responsiveness is simply "incompatible with maintaining a lawsuit." *Stephen*, 2020 WL 832914, at *4; *Smith v. Atlas Fitness Incorporation Sys.*, Civ. A No. 10-1021, 2011 WL 3608601, at *3 (M.D. Pa. July 20, 2011) ("Since no party is actively litigating this case at present it is impossible to assess what merit, if any, there may be to these claims."), *report and recommendation adopted*, 2011 WL 3608594 (M.D. Pa. Aug. 16, 2011).

In sum, upon balancing the *Poulis* factors, the Court finds that they weigh in favor of dismissing this action pursuant to Federal Rule of Civil Procedure 41(b) due to Woods's failure to prosecute.

An Order follows, which dismisses this case.

BY THE COURT:

JEFFREY L. SCHMEHL, J.

7